Henderson, Judge.
 

 GilliSr, the auctioneer for whom the defendants arc securities, was appointed under the act of 1806, authorizing the city of Raleigh, and the several towns therein mentioned, to appoint auctioneers: and the question is, whether the words that he, Gillis,
 
 shall.do and permit all that the law requires
 
 (the obligatory words of his official bond,) bind him to account with, and pay to the owner, the, proceeds of goods by him sold as an auctioneer. There is no where to be found, in the act, any express words by which such duty is imposed; all that is said, in relation to the proceeds of the sales made by the auctioneer, is, that part which gives the summary remedy to the owner against the auctioneer, neither the words or spirit of which extend to the securities. , The only duties imposed on him, in express terms, are, that he shall render an account to the commissioners of his sales, pay to them one per centum thereon, and submit his accounts to them and to others interested therein. But as the act gives to him the
 
 exclusive right
 
 of selling goods at auction, except in particular cases, (within any of which exceptions this case does •not fall,) I think that
 
 the
 
 law, and not the mere
 
 contract
 
 of the party, imposes on him the obligation to account with and pay to the plaintiff the proceeds of the sale: for the law takes from the plaintiff the right and power of exercising his own judgment in the selection of an agent,
 
 *237
 
 and appoints one to act for him; it is, therefore, reasonable that the
 
 law
 
 should impose on the agent one of the most obvious and necessary duties arising out of his situation as agent, and without which no private agent would ever be employed. And this obligation, to wit, that the agent should render to his principal the proceeds of his principal’s property by him sold, is raised without any words or promise to that effect; it arises from their
 
 relation,
 
 and without which no such relation would be created by individuals. It is not, I think, a strained interpretation of the law to say, that this obligation is imposed by the law; that it exists independently of any contract of the parties, either express or implied.
 

 If may be observed, against this argument, that
 
 Bond
 
 could, have sold the goods himself, they being his own, without violating the act. To this it may be answered* that he
 
 chose
 
 to do it by an agent; and as the law restrained him from making his own selection, it is not unreasonable that this official agent should be held liable on official responsibility. This construction is very much aided by the large penalty (five thousand pounds) in which the legislature directs the auctioneer to be bound; a sum much exceeding the one per centum duty from sales at auction in all the towns mentioned in the act. I think that there should be judgment for the plaintiff.-
 

 The rest of the court concurreck